SNEAD *v.* STATE

[No. 97, September Term, 1961.]

*Decided December 7, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and SYBERT, JJ.

*Morris Lee Kaplan,* with whom were *Nathan Stern* and
*Frank J. McCourt* on the brief, for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General, Saul A. Harris*
and *Dene L. Lusby, State's Attorney* and *Assistant State's
Attorney,* respectively, of Baltimore City, on the brief, for
appellee.

PER CURIAM.

The appellant was indicted for assault with intent to mur-
der one Doris Dixon, with whom he was living, and his il-
legitimate son, Reginald. He was tried by the court without
a jury, found guilty generally, and given concurrent sentences
of five years on each indictment. This appeal challenges the

convictions on the grounds that they are against the evidence and that the sentences are cruel and unusual. There is no merit in either contention.

According to Miss Dixon, Snead came home rather drunk. He lived with his consort and eight children, six of whom were his own. He ate his supper and later got into an argument over a pair of pants she was supposed to have redeemed for him from a pawnshop. He twisted her arm and then declared that he would shoot her. He sent the oldest boy upstairs for his single-barrelled shotgun, then sent him back for a shell loaded with buckshot. He made the children kiss her good-bye as she sat on the sofa, pointed and fired the gun. She was painfully injured in the body and limbs. One of the children was also wounded.

Snead admitted sending the boy for the gun and "messing with" it. He testified that he did not intend to shoot or injure her. But the evidence supports a finding of intent. Cf. *Beall v. State,* 203 Md. 380. The verdict was not clearly erroneous under Rule 741 c, nor were the sentences cruel or unusual under the circumstances. Cf. *Heath v. State,* 198 Md. 455, and *Webb v. State,* 201 Md. 158, 163.

*Judgments affirmed.*